UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTON MCCULLOUGH, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:21-0278 |
| v. | : | (JUDGE MANNION) |
| SCOTT A. WOOLF, | : | |
| Defendant | : | |

# MEMORANDUM

## I. Background

Plaintiff, Anton McCullough, an inmate confined at the State Correctional Institution, Dallas ("SCI-Dallas), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983, alleging that he is being incarcerated in excess of his maximum date of release. (Doc. 2). The only named Defendant is Scott Woolf, the acting Board Secretary for the Pennsylvania Board of Probation and Parole. Id. Along with his complaint, the Plaintiff filed an application for leave to proceed *in forma pauperis*. (Doc. 12).

At this time, the Court must review the complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. §1915A(a) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant

who is immune from suit. For the reasons set forth below, the Court will grant Plaintiff's application for leave to proceed *in forma pauperis* and the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

II.     **Factual Allegations**

Plaintiff states that he was "sentenced in 1999 to 9½ to 20 years of imprisonment" and that his sentence "commenced on October 13, 1999, with this maximum date set at October 13, 2019." (Doc. 2). Plaintiff claims, however, that Defendant Woolf "arbitrarily and without the sentencing Judge's approval, abused his discretion and authority by wrongfully extending Plaintiff's maximum from October 23, 2019 to July 7, 2023." Id.

Plaintiff claims that he "filed a petition for review on February 3, 2020, in the Commonwealth Court of Pennsylvania, to which his appointed counsel abandoned Plaintiff by withdrawing without his consent." Id.

Thus, Plaintiff concludes that "Defendant has, and continues to, excessively confine Plaintiff despite his knowledge of Plaintiff's max-date expiring over a year ago." Id.

Plaintiff files the instant action claiming that he is "entitled to either make early parole or max out his entire sentence given to him by a Judge and is not required to stay in prison a day beyond his max date." Id. For relief, Plaintiff seeks compensatory and punitive damages as well an "order compelling the Defendant to immediately release Plaintiff from prison." Id.

### III.   Discussion

When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Learner v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). However, when a prisoner challenges either the fact or duration of his confinement, the appropriate remedy is a petition for writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and then only if his detention were found to be unlawful.' " Learner, 288 F.3d at 540 (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).

Given McCullough's allegation regarding his detention past his maximum release date, the Court construes his claim to be one challenging the execution of his sentence. Such a claim by a state prisoner must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 and is not cognizable in a complaint brought pursuant to 42 U.S.C. §1983. See Preiser, 411 U.S. at 488-89 (holding that a prisoner challenging the validity of his confinement on federal constitutional grounds must rely on the federal habeas corpus statute, which Congress specifically designed for that purpose, rather than the broad language of §1983); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) (noting that state prisoners who wish to challenge the execution of their sentence must proceed under §2254).

Furthermore, the claim for money damages cannot proceed. Unless a plaintiff has already successfully challenged his confinement in an appropriate way, a civil rights complaint cannot proceed as long as it calls into question the validity of the confinement. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court clarified the interplay between habeas and civil rights claims. The Heck Court ruled that a section 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that

the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87 (footnote omitted).

Additionally, as the Supreme Court explained in Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original): "a state prisoner's §1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." The Third Circuit summarized the holding of Heck as follows: "where success in a §1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). In the case at bar, Heck's favorable-termination rule applies because McCullough's complaint calls into question the correct duration of his confinement.

As such, McCullough's complaint fails to state a claim upon which relief may be granted and must be dismissed. To the extent that Plaintiff wishes to

challenge the execution of his sentence, he must file a separate petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

IV. **Conclusion**

For the foregoing reasons, the Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted.[1]

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 16, 2021**
21-0278-01

---

[1] Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915A, the Court must grant a plaintiff leave to amend the complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002). Because Plaintiff's claim for relief is not cognizable in a complaint brought pursuant to 42 U.S.C. §1983, and instead must be brought as a separate petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, granting leave to amend would be futile.