UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ANTON MCCULLOUGH,            :

    Plaintiff                :       CIVIL ACTION NO. 3:21-0278

    v.                        :           (JUDGE MANNION)

SCOTT A. WOOLF,              :

    Defendant                :

## MEMORANDUM

### I. Background

Plaintiff, Anton McCullough, an inmate confined at the State Correctional Institution, Dallas ("SCI-Dallas"), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983, alleging that he is being incarcerated in excess of his maximum date of release. (Doc. 2). The only named Defendant is Scott Woolf, the acting Board Secretary for the Pennsylvania Board of Probation and Parole. Id. Along with his complaint, the Plaintiff filed an application for leave to proceed *in forma pauperis*. (Doc. 12).

Plaintiff states that he was "sentenced in 1999 to 9½ to 20 years of imprisonment" and that his sentence "commenced on October 13, 1999, with this maximum date set at October 13, 2019." (Doc. 2). Plaintiff claims, however, that Defendant Woolf "arbitrarily and without the sentencing

Judge's approval, abused his discretion and authority by wrongfully extending Plaintiff's maximum from October 23, 2019 to July 7, 2023." Id.

Plaintiff claims that he "filed a petition for review on February 3, 2020, in the Commonwealth Court of Pennsylvania, to which his appointed counsel abandoned Plaintiff by withdrawing without his consent." Id.

Thus, Plaintiff concludes that "Defendant has, and continues to, excessively confine Plaintiff despite his knowledge of Plaintiff's max-date expiring over a year ago." Id.

Plaintiff filed the instant action claiming that he is "entitled to either make early parole or max out his entire sentence given to him by a Judge and is not required to stay in prison a day beyond his max date." Id. For relief, Plaintiff seeks compensatory and punitive damages as well an "order compelling the Defendant to immediately release Plaintiff from prison." Id.

By Memorandum and Order dated April 16, 2021, the Court conducted an initial screening of Plaintiff's action and dismissed the complaint for failure to state a claim upon which relief may be granted. The Court suggested to Plaintiff that, to the extent that he wished to challenge the execution of his sentence, he must file a separate petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Docs. 13, 14).

Presently before the Court is McCullough's motion for reconsideration

of this Court's April 16, 2021 Memorandum and Order, closing the above captioned action. (Doc. 15). For the reasons that follow, the Court will deny the Plaintiff's motion for reconsideration.

II. **Discussion**

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made an error not of reasoning but of apprehension."

- 3 -

Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." Gray v. Wakefield, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'."). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

  A review of this Court's Memorandum and Order reveals that the Court found Plaintiff's complaint untimely as follows:

> Given McCullough's allegation regarding his detention past his maximum release date, the Court construes his claim to be one challenging the execution of his sentence. Such a claim by a state prisoner must be brought as a petition for writ of habeas

corpus pursuant to 28 U.S.C. §2254 and is not cognizable in a complaint brought pursuant to 42 U.S.C. §1983. See Preiser, 411 U.S. at 488-89 (holding that a prisoner challenging the validity of his confinement on federal constitutional grounds must rely on the federal habeas corpus statute, which Congress specifically designed for that purpose, rather than the broad language of §1983); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) (noting that state prisoners who wish to challenge the execution of their sentence must proceed under §2254).

Furthermore, the claim for money damages cannot proceed. Unless a plaintiff has already successfully challenged his confinement in an appropriate way, a civil rights complaint cannot proceed as long as it calls into question the validity of the confinement. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court clarified the interplay between habeas and civil rights claims. The Heck Court ruled that a section 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87 (footnote omitted).

Additionally, as the Supreme Court explained in Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original): "a state prisoner's §1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." The Third Circuit summarized the holding of Heck as follows: "where success in a §1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." Williams v.

> Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). In the case at bar, Heck's favorable-termination rule applies because McCullough's complaint calls into question the correct duration of his confinement.
>
> As such, McCullough's complaint fails to state a claim upon which relief may be granted and must be dismissed. To the extent that Plaintiff wishes to challenge the execution of his sentence, he must file a separate petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

(Doc. 13 at 4-6).

Plaintiff now files a motion for reconsideration, claiming that this Court made a clear error of law when it failed to analyze his claim of excessive confinement under Sample v. Diecks, 885 F.2d 1099, 1114 (3d Cir. 1989). (Doc. 16). Specifically, Plaintiff claims that Defendant is "knowingly keeping Plaintiff excessively confined well over a year after his state imposed sentence has expired." Id. Plaintiff claims that "as a matter of law, [he] is entitled to relief." Id. Unfortunately, Plaintiff's claim is without merit.

The United States Court of Appeals for the Third Circuit has recognized a cause of action under the Eighth Amendment for individuals detained past their scheduled release date. See Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993); Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989). To plausibly state such a claim against a prison official, the plaintiff must allege "(1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the

official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention. Relevant circumstances in assessing these factors are the scope of the official's duties and the role the official played in the life of the prison." Montanez v. Thompson, 603 F.3d 243, 252 (3d Cir. 2010) (citing Sample, 885 F.2d at 1110). Plaintiff, however, cannot meet the requirements of Sample.

     The Court takes judicial notice of Plaintiff's pending habeas docket in the United States District Court for the Eastern District of Pennsylvania, in which Plaintiff challenges a September 17, 2018 decision of the Pennsylvania Board of Probation, recommitting Plaintiff as a convicted parole violator, and calculating his parole violation max date as July 7, 2023. See McCullough v. Wetzel, Civil No. 2:21-cv-0091-JDW (E.D. Pa., filed Jan. 4, 2021). Thus, Plaintiff cannot employ the favorable-termination rule under Sample, as it bars such claims until the Plaintiff's purported confinement beyond his minimum release date "has been invalidated by state authorities, the state court or by issuance of a writ of habeas corpus." Owens v. Ortiz, No. 05-2351, 2005 WL 1199066, at *3 (D.N.J. May 19, 2005); see also

Mosch v. Brown, No. 06-4067, 2006 WL 2711637, at *3-4(D.N.J. Sept. 20, 2006) (damages claims for confinement in excess of plaintiff's maximum term not cognizable under Heck when plaintiff failed to aver that the confinement had been deemed excessive by a state court or by a successful habeas petition). Consequently, any claim McCullough posits under Sample is premature.

IV.   **Conclusion**

For the reasons set forth above, this Court finds that its Memorandum and Order of April 16, 2021, is not troubled by manifest errors of law or fact and Plaintiff has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 31, 2022**
21-0278-02